# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:05CR257

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| NICHOLAS AVILIA PADRON ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for the return of certain properties which he contends were seized by state and federal officials in 2005, including a house, eight vehicles, jewelry, and cash. **Motion, filed October 24, 2008.** At the Court's request, the Government responded to Defendant's motion. **Response to Order Concerning Disposition of Property, filed December 15, 2008.** For the reasons stated below, Defendant's motion is denied.

In October 2005, under the auspices of the Drug Enforcement Administration (DEA), Defendant was arrested and charged with three

counts of possession with intent to distribute methamphetamine.[1]  **Warrant for Arrest, filed October 17, 2005, at 5-6; Indictment, filed October 24, 2005.**  According to DEA records, the following items were seized at the time of Defendant's arrest:

- 2002 Ford Econoline (DEA Asset ID No. 06-DEA-458885)

- 1995 Chevrolet 4x4 (DEA Asset ID No. 06-DEA-459043)

- $4,410.00 in cash (DEA Asset ID No. 06-DEA-458903)

**Exhibit 1, Declaration of Terrence J. King,** *attached to* **Government's Response,** *supra***, at 2, 4-5, 7.**  At the same time, the following items were seized from Katherine Howard Avila:

- 2002 Ford F-150 (DEA Asset ID No. 06-DEA-459065)

- 2002 Dodge 1500 4x4 (DEA Asset ID No. 06-DEA-459070)

*Id.* **at 10, 14.**

With respect to summary forfeiture proceedings of this nature, which are carried out by an administrative agency like the DEA, the Fourth Circuit has explained:

---

[1] He later pled guilty to one of the counts and received a sentence of 63 months imprisonment.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed January 10, 2006, at 3-4; Judgment in a Criminal Case, filed September 5, 2006, at 3.**

> Pursuant to summary procedures set forth in 19 U.S.C. §§ 1602-19, the United States may, without resort to judicial proceedings, issue a declaration of forfeiture for property worth less than $500,000 that is otherwise subject to criminal forfeiture.  See 21 U.S.C. § 881(d) (providing that summary forfeitures under drug laws will be governed by provisions of law applicable to such forfeitures under customs laws).  The summary procedures provide, among other things, that the government must publish notice of its intention to declare forfeiture of the seized property and must provide written notice to interested parties.  See 19 U.S.C. § 1607.  The government may declare the property forfeited if, within 20 days of the first publication of the notice, no person files a claim for the property.  See id. § 1609.  If a claim is filed, the government may seek forfeiture of the property only through judicial proceedings.  See id. § 1608.

**United States v. Minor, 228 F.3d 352, 354 (4th Cir. 2000).** "Administrative forfeitures empower the government to take ownership of property without resort to any judicial proceeding whatsoever[.]" **Id. at 359.** Nonetheless, because such proceedings "plac[e] due process rights at particular risk," if a party files a claim in equity challenging an administrative forfeiture, the federal courts are empowered to hear such claims. **Id.; see also Dusenberry v. United States, 534 U.S. 161, 167 (2002) (noting that the due process clause of the Fifth Amendment requires the federal government to provide notice and an opportunity to be heard when property is seized through administrative forfeiture).**

...

In this case, however, Defendant's motion provides no indication of why the administrative forfeiture violated any statutory or due process requirements. Rather, he simply contends that his property was "legally obtained through hard work, throughout 20 years," and requests that it be returned to him. **Motion,** *supra***, at 2.** Although he received constitutionally adequate notice of the administrative forfeiture under *Dusenberry*,[2] he did not contest the forfeiture of the property until nearly three years after he received the notice of forfeiture. As there is no indication from the record that the five items listed above were forfeited in error, the Court is unable to grant relief to Defendant.

As to the other items Defendant mentions in his motion, including his house, a gold chain, a watch, and some other vehicles and cash, the DEA has indicated that it has no record of such items. The Government

---

[2] *Dusenberry* requires notice "reasonably calculated under all the circumstances" to apprise a person that his property is being forfeited. **534 U.S. at 168.** Certified mail addressed to an inmate at the correctional facility where he is being housed, along with evidence of delivery procedures reasonably calculated to ensure that the notice found its way to the inmate, constitutes adequate notice. *Id.* **at 168-69;** *Minor***, 228 F.2d at 358.** The Government presented evidence that these procedures were followed in this case. **Declaration of King,** *supra***, at 4, 6-7, 9, 13, 15-16 (describing certified mail deliveries in January 2006 at Buncombe County Jail, where Defendant was housed).**

suggests that these items may have been seized by the State of North Carolina, and provides an address to which Defendant may direct his enquiries.  **Response to Order, *supra*, at 2.**

**IT IS, THEREFORE, ORDERED** that Defendant's motion for return of property is hereby **DENIED**.

Signed: January 16, 2009

Lacy H. Thornburg
United States District Judge